ORDERED.

**Dated:  October 19, 2020**

Catherine M. Ewen

Catherine Peek McEwen
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:

Case No:  8:20-bk-02625-CPM

David Brian Sheets

Chapter 7

      Debtor(s).

_____/

### ORDER GRANTING MOTION TO SELL REAL PROPERTY
### AND PAY SECURED CREDITOR(S) AND TRANSACTIONAL COSTS
#### (10570 Lake Vista Dr. Seminole, FL 33772)

THIS CASE came on for consideration of Chapter 7 Trustee, Stephen L. Meininger's ("Trustee") *Motion to Sell Real Property and Pay Secured Creditor(s) and Transactional Costs* (the "Motion") (Doc. 45).  The Motion was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to respond within 21 days of the date of service; no party filed a response within the time permitted; and the Court therefore considers the Application unopposed.  Accordingly, it is:

**ORDERED** and **ADJUDGED** as follows:

1.      The notice of the Motion is approved as proper and adequate under the circumstances.

2.      The Motion is GRANTED and the sale to Shadi Fackih, their assigns, or ultimate purchaser ("Buyer(s)"), are approved as the highest and best offer.

3.      The Trustee is authorized to sell the real property located at 10570 Lake Vista Dr.

Seminole, FL 33772, and more specifically known as:

The West 30 feet of Lot 38 and the East 30 feet of Lot 39, Lake Seminole Vista Subdivision, according to the map or plat thereof, as recorded in Plat Book 28, Page 37, of the Public Records of Pinellas County, Florida.

(the "Real Property"),

to Buyer(s) for the gross sale price $ 311,000.00 subject to the approval of Shellpoint, as

payment in full, as specifically identified and described in the Motion.

4.      The Trustee is authorized to pay, as further authorized in paragraph 6 below, the

following undisputed lien(s) or claim(s) at closing of the sale:

a. Shellpoint, mortgagee

5.      The Trustee is authorized to execute any such releases, termination statements,

assignments, consents or instruments for the benefit of any third party, including the holders of

any liens, claims or interests identified in paragraph 4 of this Order, that are necessary or

appropriate to effectuate or consummate the sale. Moreover, the Trustee is hereby authorized to

execute the purchase agreement, or other related documents that are reasonably necessary or

appropriate to complete the sale, and to undertake such other actions as may be reasonably

necessary or appropriate to complete the sale.

6.      The Trustee, and any escrow agent upon the Trustee's written instruction, shall be

authorized to make such disbursements on or after the closing of the sale as are required by the

purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real

property taxes and outstanding post-petition real property taxes pro-rated as of the closing with

respect to the real property included among the purchased assets; and (b) other anticipated closing

costs (estimated below):

Total Sales/Brokers Commission:
6% of base sale price to Future Home Realty                               $ 18,660.00*
*this commission is intended to be shared with a cooperating agent / negotiator.
Title Charges:                                                           $ 1,987.42
Government recording / transfer charges:                                 $ 2,240.00
Satisfaction of Liens:
      Shellpoint                                                     $ 270,381.24
2020 Real Estate Property Taxes to Alachua County Tax Collector $ 4,546.29
Misc. (HOA, Municipal Lien Search, Utilities, etc.):                     $ 200.00

Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above and to parties other than described in paragraph 4 so long as they are within industry standard and are approved by the lienholders.

7.      Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyer(s) on an "as is, where is" or "with all faults" basis.

8.      This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

9.      The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by applicable parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's bankruptcy estate.

10.     The 14 day stay period pursuant to Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

Richard M. Dauval, Esq., is directed to serve a copy of this order on interested parties who do

not receive service by CM/ECF and file a proof of service within three days of entry of the order.